IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

SARA L. GIFFORD,

          Plaintiff,

v.                                        CIVIL ACTION NO. 2:21-cv-00669

SUE ELLEN BURTON, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant Walmart Inc.'s Motion to Dismiss [ECF No. 16], and Defendant Hall Financial Advisors, LLC's Motion for Judgment on the Pleadings [ECF No. 21]. Also pending are Defendants' motions to strike Plaintiff's untimely responses to the motions. [ECF Nos. 30, 31]. For the reasons that follow, Defendants' motions are **GRANTED**.

### I.    Relevant Facts[1]

Plaintiff was married to Mr. Gifford from 2011 until his death on May 15, 2021. Prior to his death, Mr. Gifford was an optician at Walmart, and he participated in Walmart's 401(k) retirement plan. At all relevant times, Plaintiff was the sole beneficiary of Mr. Gifford's Walmart 401(k). However, in February 2021, with the assistance of Defendant Hall Financial Advisors, LLC, Mr. Gifford requested and

---

[1] The facts cited herein are all from Plaintiff's Complaint [ECF No. 1], which is taken as true at this stage of litigation.

received a distribution of all of the funds in his Walmart 401(k). Mr. Gifford then deposited those funds into an Individual Retirement Account. Mr. Gifford named his daughter, Defendant Emma Gifford, as a 90% beneficiary of the IRA, and Plaintiff as a 10% beneficiary. Mr. Gifford did not obtain spousal consent from Plaintiff before he withdrew the funds from his Walmart 401(k) or before he designated Emma as the primary beneficiary of his IRA.

Plaintiff now brings this action against Walmart; Hall Financial; Emma Gifford; and Sue Burton, in her capacity as the administrator of Mr. Gifford's estate. Plaintiff's complaint alleges that the Employee Retirement Income Security Act ("ERISA") required spousal consent before Mr. Gifford could withdraw the funds from his Walmart 401(k) and move them to an IRA. Plaintiff has alleged (1) violations of ERISA against all defendants, (2) negligence against Walmart and Hall Financial, and (3) constructive trust against Emma. Walmart and Hall Financial now move to dismiss because ERISA does not require spousal consent for Mr. Gifford's actions in this case.

## II. Motions to Strike

Walmart filed its Motion to Dismiss on March 18, 2022. Hall Financial filed its Motion for Judgment on the Pleadings on April 7, 2022. Despite the fact that the local rules require responses be filed within fourteen days of service of a motion, L.R. Civ. P. 7.1(a)(7), Plaintiff did not respond to either motion until June 20, 2022. [ECF Nos. 28, 29]. Walmart filed a Motion to Strike [ECF No. 30] on June 23, 2022, and Hall Financial filed a Motion to Strike on June 26, 2022.

This district routinely grants motions to strike untimely responses when the late filer "did not seek leave of the Court prior to filing [her] response" and "did not assert any statement of good cause, excusable neglect[,] or other explanation to support [her] untimely submission." *Watson v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 5:13-CV-01939, 2013 WL 2000267, at *2 (S.D. W. Va. May 13, 2013); *see also In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:13-cv-19979, 2018 WL 279992, at *2 (S.D. W. Va. Jan. 3, 2018); *Pearson v. Prichard's Excavating & Mobile Home Transport*, No. 3:13-cv-19629, 2014 WL 534221, at *1 n.5 (S.D. W. Va. Feb. 10, 2014).

Here, Plaintiff filed each of her responses more than two months after service of the respective motions. She failed to seek leave from the court to file the untimely responses, and she did not acknowledge or give any explanation at all for her tardiness. Even after Defendants moved to strike, Plaintiff still did not file a response or attempt to put any reason for the late filings on the record. Therefore, Defendants' Motions [ECF Nos. 30, 31] to Strike the Responses [ECF Nos. 28, 29] are **GRANTED**.

### III. Dismissal and Judgment on the Pleadings

#### A. Legal Standard

Motions to Dismiss and Motions for Judgment on the Pleadings are evaluated using the same standard. *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012). An analysis under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the ... claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts, taken as true, "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

While normally the Court does not consider matters outside of the pleadings at this stage of litigation, "when a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not

challenge its authenticity." *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (internal quotation marks omitted)(citation omitted). The court may consider these integral documents without converting the motion to dismiss to a motion for summary judgment. *Kerr v. Marshall Univ. Board of Governors*, 824 F.3d 62, 68 n.1 (4th Cir. 2016). I find that the Walmart 401(k) plan [ECF No. 16-1], which was attached to Defendants' motions, was integral to and explicitly relied on in the Complaint, and that Plaintiff has not challenged its authenticity. Therefore, I consider it in my analysis below without converting the motions to ones for summary judgment.

### B. Analysis

Walmart and Hall Financial argue that Plaintiff fails to state a claim because ERISA does not require spousal consent for the distribution Mr. Gifford received from his Walmart 401(k) account. I agree. Because Plaintiff's misunderstanding of the law is the entire basis of this lawsuit, I dismiss the Complaint in its entirety.

ERISA requires spousal consent for distributions from certain types of retirement accounts called qualified joint and survivor annuities ("QJSA"). 26 U.S.C. §§ 401(a)(11); 417(a)(2). QJSA spousal consent rules only apply to (1) defined benefit plans, (2) defined contribution plans that are subject to 26 U.S.C. § 412; and any other defined contribution plans that do not satisfy what is known as the "safe harbor provision." 26 U.S.C. § 401(a)(11)(B). If the Walmart 401(k) is not a QJSA, then Mr. Gifford did not need spousal consent to take the distribution from his account.

The Walmart 401(k) is not a "defined benefit plan." A defined benefit plan is "any plan which is not a 'defined contribution plan.'" 26 U.S.C. § 417(j). A "defined contribution plan" is "a plan which provides for an individual account for each participant and for benefits based solely on the amount contributed to the participant's account, and any income, expenses, gains and losses, and any forfeitures of accounts of other participants which may be allocated to the participant's account." 26 U.S.C. § 417(i). The Walmart 401(k) is a defined contribution plan. Section 1.1 of the Walmart 401(k) plan provides that "[a]ccounts [are] established and maintained by the Administrator for each participant," and that each participant has separate accounts for contributions, "plus income and gains and less expenses and losses allocated thereto." Section 4.1 of the Walmart 401(k) plan further specifies that the "contributions" include salary deferral contributions and matching contributions by Walmart. Because the Walmart 401(k) is a "defined contribution plan," it is not a "defined benefit plan." 26 U.S.C. § 417(j).

While the Walmart 401(k) *is* a defined contribution plan, it *is not* a subject to the provisions of 26 U.S.C. § 412. Section 412 does not apply to "any profit-sharing or stock bonus plan." 26 U.S.C. § 412(e)(2)(A). Section 3.1(a)(6) of the Walmart 401(k) plan provides for profit-sharing contributions and the Walmart 401(k) plan includes contributions of shares of company stock. Therefore, the Walmart 401(k) is both a profit-sharing plan and a stock bonus plan, and it is not subject to section 412. Treas. Regs. § 1.401-1(b)(1); ECF No. 16-1, at Introduction and History, §§ 1.1, 3.1, 4.1, 7.3; 26 U.S.C. § 412(e)(2)(A).

Because the Walmart 401(k) is not a "defined benefit plan" and is not a "defined contribution plan which is subject to the funding standards of section 412," it is only a QJSA if it does not satisfy the "safe harbor" provisions in 26 U.S.C. § 401(a)(11)(B)(iii)(I-III). To fall within the safe harbor, a plan must meet all three of the requirements.

First, a plan must provide "that the participant's nonforfeitable accrued benefit is payable in full, on the death of the participant, to the participant's surviving spouse." 26 U.S.C. § 401(a)(11)(B)(iii)(I). The Walmart 401(k) satisfies this provision because it specifics that "[a] Participant's Account shall become immediately distributable upon his or her death," and that the beneficiary "shall be the Participant's Spouse at the time of the Participant's death." [ECF No. 16-1, at § 7.2(a), (c)].

Next, a plan must not permit a participant to "elect a payment of benefits in the form of a life annuity." 26 U.S.C. § 401(a)(11)(B)(iii)(II). The Walmart 401(k) plan satisfies this provision because it only allows distributions in the form of a lump sum and does not provide for life annuities. [ECF No. 16-1, at § 7.3(a)].

Finally, the safe harbor requires that, "with respect to [the] participant, such plan is not a direct or indirect transferee of a defined benefit plan or a defined contribution plan subject to section 412." 26 U.S.C. § 401(a)(11)(B)(iii)(III). This provision is satisfied because Mr. Gifford's Walmart 401(k) did not contain any transferred funds from such a plan. In the Complaint, Plaintiff makes no allegation that the Walmart 401(k) contained any transferred funds, and she bases her

allegations only Mr. Gifford's participation in Walmart's 401(k) plan [ECF No. 1, at ¶¶ 9–10], not on any participation in other plans that were transferred to the Walmart 401(k).

Because all three of the safe harbor requirements are satisfied, Mr. Gifford's Walmart 401(k) was not a QJSA. Therefore, no spousal consent was required for him to take a distribution from the account during his life. Plaintiff's entire Complaint is based on her assertion that spousal consent was required and that her lack of consent violated ERISA. Because no spousal consent was required, Plaintiff fails to state a claim upon which relief can be granted, and her Complaint must be **DISMISSED**.

### IV.  Conclusion

Defendants' Motions to Strike [ECF Nos. 30, 31], Walmart's Motion to Dismiss [ECF No. 16], and Hall Financial's Motion for Judgment on the Pleadings [ECF No. 21] are all **GRANTED**. The Complaint [ECF No. 1] is **DISMISSED**. Hall Financial's motions to stay [ECF No. 32] and to deem its motions unopposed [ECF No. 33] are **DENIED as moot**.  The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   August 26, 2022

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE